FILED

98 OCT 14 AM 9:41

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

OCT 14 1998

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

BRIAN LATHAM, an individual,       )
                                              )
    Plaintiff,                    )
                                              )
  vs.                              )   CV 98-PT-2105-M
                                              )
RENTERS CHOICE, INC., a           )
corporation,                       )
                                              )
    Defendant.                    )
                                              )

## MEMORANDUM OPINION

    This cause comes on to be heard on plaintiff's Motion To Remand filed on September 3, 1998.

    This judge has expressed his opinion concerning the removal of worker's compensation retaliation claims in Moreland v. Gold Kist, Inc., 908 F.Supp. 898 (N.D. Ala. 1995). This judge continues to maintain the same opinion with regard to retaliation claims not joined with workers' compensation benefits claims in state court.

    I realize that there is room for disagreement. Much of the area for disagreement arises out of the philosophical, as much as legal, differences of judges with regard to removal of diversity cases in general. Nobody can honestly state that the legal issue is clear. It is highly unlikely that Congress considered or

contemplated any type "workers compensation" claim(s) except benefits claims.[1]

The issue is primarily a federal one but the Supreme Court of Alabama has recognized the practical distinction. I can see no plausible reason for basing a decision on whether the cause of action is established by state common law or state statutory law. What if a state adopted pre-existing common law by statute, would there be a substantive change as to the appropriateness of removal? What if such an action is authorized by statute but is not included within the general workers' compensation benefits chapter, would there be a difference in the analysis?

This judge has polled the judges of this court. Judges Pointer and Hancock take the same position as I do. Most, if not all, other judges on our court take the opposite position. Apparently, judges in other Alabama districts also take the opposite position.

On September 24 at a Northern District judges' meeting, I questioned whether I should simply begin to follow the majority. I was advised that I should adhere to my own reasoned judgment

---

[1] The retaliation claim is simply a tort claim which subjects a non-resident defendant to all the pitfalls such a defendant may have in any tort case. An examination of the legislative history would likely reveal that such actions were not even contemplated by Congress when it enacted 28 U.S.C. § 1445. I base my decision on the reasoning of the Seventh Circuit as discussed in Moreland as well as on a common sense application of 28 U.S.C. §§ 1441 et. seq.

until controlling authority decides to the contrary. That may very well happen.

Several times before I have certified this question pursuant to 28 U.S.C. § 1292(b). Apparently, no effort has been made to pursue such an appeal.

Even though this judge adheres to his position with regard to the removal of a retaliation claim only, I will take a different position as to retaliation claims which are joined with benefits claims in state courts, as here.

28 U.S.C. § 1441(c) now reads as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The language of § 1441(c) apparently earlier applied to diversity actions. It now only applies to actions in which there is a federal question.

In this case, the state court action includes both a benefits claim and a retaliation claim. Removal is premised on diversity. Federal law does not allow removal of the benefits claim. Section 1441(c) does not allow removal of the combined claims. This action will be remanded.[2]

---

[2] Judge Hancock has indicated that he agrees with this analysis. Since the court ruling is premised on a procedural reading of §1441(c), the order of the court may be appealable.

3

This __14TH__ day of October, 1998.

                                                                           */s/ Robert B. Propst*
                                                                           ROBERT B. PROPST
                                        SENIOR UNITED STATES DISTRICT JUDGE

---

In such case, perhaps both the procedural ruling and the Gold Kist issue could be addressed.